UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK

  - - - - - - - - - - - -    X

UNITED STATES OF AMERICA,    :    10 CR 053

                             :


      -against-             :
                                  United States Courthouse
                                  Brooklyn, New York
DAMIEN BANNISTER, ET AL.,   :

                                  July 20, 2010
           Defendants.     :    10:00 o'clock a.m.

  - - - - - - - - - - - -    X


                 TRANSCRIPT OF CONFERENCE
             BEFORE THE HONORABLE JACK B. WEINSTEIN
                 UNITED STATES SENIOR JUDGE


APPEARANCES:


For the Government:          LORETTA E. LYNCH
                             United States Attorney
                             BY: DANIEL SILVER
                                 SETH DuCHARME
                             Assistant United States Attorneys
                             271 Cadman Plaza East
                             Brooklyn, New York


For the Defendants:          JOEL COHEN, ESQ.
                             Attorney for D. Bannister


                             JOHN WALLENSTEIN, ESQ.
                             Attorney for C. McCray


                             MICHAEL SOROKA, ESQ.
                             Attorney for R. Patrick

1  Appearances Continued:

2
                            ROBERT WALTERS, ESQ.
3                           Attorney for D. Tatum

4
                            MARGARET SHALLEY, ESQ.
5                           Attorney for P. Torres

6
   Court Reporter:          Gene Rudolph
7                           225 Cadman Plaza East
                            Brooklyn, New York
8                           (718) 613-2538

9
   Proceedings recorded by mechanical stenography, transcript
10 produced by computer-aided transcription.

11

12                          *****

13

14         THE CLERK:  United States versus Damien Bannister,

15 et al.

16         Counsel, note your appearances, please.

17         For the United States?

18         MR. SILVER:  Daniel Silver and Seth DuCharme for the

19 United States.

20         Good morning, Your Honor.

21         I would just note that two of the defendants have

22 been brought in.  They've already pled guilty and they were

23 not 745'd to today's conference.  The marshals can bring them

24 back.  Their attorneys are not present today.

25         THE COURT:  What are their names?

1          MR. SILVER:  Darrell Bannister and Christopher Hall.

2          THE COURT:  Darrell Bannister and who is the other

3    one?

4          MR. SILVER:  Christopher Hall.

5          THE COURT:  I don't have a Christopher Hall.

6          MR. SILVER:  He's not on the superseding indictment,

7    Your Honor.  He pled guilty before the superseding indictment.

8          THE COURT:  All right.  So he is no longer --

9          MR. SILVER:  Neither of them are in the case any

10   longer, Your Honor.

11         THE COURT:  -- in this case.

12         Is he going to be sentenced on the original

13   indictment?

14         MR. SILVER:  Yes.

15         There is a sentencing date, I believe August 16th,

16   for Mr. Hall.

17         THE COURT:  Bannister will be sentenced on the

18   superseding?

19         MR. SILVER:  Yes.

20         THE COURT:  Will you make a note of that, please.

21         THE CLERK:  Yes, Your Honor.

22         THE COURT:  Damien Bannister, raise your hand.

23         Who is representing him?

24         MR. COHEN:  I am, Your Honor, Joel Cohen.

25         Good morning, Judge.

1          THE COURT:  Good morning.

2          Cyril McCray, raise your hand, please.

3          MR. WALLENSTEIN:  John Wallenstein.

4          Good morning, Your Honor.

5          THE COURT:  Good morning.

6          Roger Patrick, raise your hand, please.

7          MR. SOROKA:  Good morning, Your Honor.

8          Michael Soroka.

9          THE COURT:  Good morning.

10          Derrick Tatum?

11          MR. WALTERS:  Bob Walters for Derrick Tatum, Your

12   Honor.  Good morning.  Top of the morning to you.

13          THE COURT:  Good morning.

14          Pedro Torres?

15          MS. SHALLEY:  Margaret Shalley for Pedro Torres.

16          Good morning.

17          THE COURT:  Good morning.

18          What do you want to do about this case?  Do you want

19   it marked complex?

20          MR. SILVER:  Your Honor, we are actually on for

21   trial beginning August 2nd.  There has been a -- there has

22   been a superceding indictment returned.  It was filed on

23   June 29th.

24          THE COURT:  August 2nd is more than 30 days.

25          MR. SILVER:  That is correct, Your Honor.  The

1 government --

2 THE COURT: The trial date will stand.

3 MR. SILVER: The government is prepared to proceed.

4 MR. COHEN: What date? I'm sorry. What day was the
5 superseding filed?

6 MR. SILVER: It was filed on June 29th.

7 MR. COHEN: I'm sorry, Your Honor. I thought the
8 30 days calculated from the date of arraignment.

9 THE COURT: When were they arraigned?

10 MR. SILVER: They were arraigned July 12th, Your
11 Honor.

12 THE COURT: Let me see the speedy trial rule. Let
13 me see the rule, 30-day rule.

14 Do you have it?

15 MR. SILVER: I don't, Your Honor. I'm sorry.

16 MR. WALTERS: If I might, Your Honor?

17 THE COURT: They were all arraigned the same day?

18 MR. COHEN: I believe it was July 12th, Your Honor.

19 MR. WALTERS: Your Honor, last week; Monday, to be
20 precise.

21 MR. COHEN: The twelfth.

22 (Pause.)

23 THE COURT: Section 3161(c)(II), Title 18: "Unless
24 the defendant consents in writing to the contrary, trial shall
25 not commence less than 30 days from the date on which the

1  defendant first appears through counsel or expressly waives

2  counsel and elects to proceed pro se."

3          So it's 30 days from July 12th.  Count 30 days,

4  please, Ms. Lowe, and tell me when is the first day for trial.

5          MR. SOROKA:  Your Honor, the --

6          THE COURT:  Let me get the information first and

7  then I will hear you.

8          THE CLERK:  Thirty days gets us to August 20th.

9  That's a Friday.  The next date would be the 23rd, which is

10  not a jury return date.

11          THE COURT:  No.  Thirty days --

12          THE CLERK:  From the twelfth?

13          Are we counting weekends, Judge?

14          THE COURT:  Yes.

15          THE CLERK:  That gets us August 10th.

16          THE COURT:  August 10th.  What day of the week is

17  that?

18          THE CLERK:  A Tuesday.

19          THE COURT:  Tuesday?

20          THE CLERK:  Yes, Judge.

21          THE COURT:  All right.  Let's set the trial down for

22  the tenth.  Have the jury come in on the tenth.

23          MR. WALTERS:  If I might, Your Honor?

24          With respect to a number of new counts in the

25  indictment, I'd ask for a little bit more time than that.

1 Additionally, Your Honor, I have a vacation scheduled for the

2 last two weeks of August.  So I am available any time after

3 Labor Day.

4        MR. SOROKA:  Your Honor, may I be heard on that

5 point?

6        THE COURT:  Of course.

7        MR. SOROKA:  I was recently assigned, in May, to

8 replace Mr. Marks who was previously representing Mr. --

9        THE COURT:  Keep your voice up so everybody can hear

10 you.

11        MR. SOROKA:  I'm sorry.  I was assigned to represent

12 Mr. Patrick, I think May 26th, to replace his former counsel,

13 Mr. Marks.

14        As other counsel, I was aware of the August 2nd date

15 and now we have the superseding indictment.

16        I am not available in the month of September.  I

17 have a prior commitment.  I was going to ask one of the other

18 counsel who also has vacation plans that if the matter is

19 going to be scheduled for trial, if you could do so on any day

20 from October 11th on.

21        But I would also like to report to the Court that

22 during the course of my representation of Mr. Patrick, and as

23 I understand it, other counsel, there have been ongoing

24 conversations to try to resolve this matter without a trial.

25 We have spoken as recently as this morning.  I think

1  Mr. Silver has spoken to every attorney here about the status

2  of their various clients.  I am awaiting an answer from

3  Mr. Silver.

4       I also did not get full file of discovery from

5  Mr. Marks.  Mr. Silver has agreed to give us discovery.  There

6  are a number of other legal issues.  I haven't had a chance to

7  bring motions.  I understand Mr. Marks, though he represented

8  Mr. Patrick for many months, did not bring any motions.

9       So I would respectfully ask that that be August 11th

10  or 12th -- I don't know if the Court is open on the 11th --

11  excuse me -- October 11th or 12th.  I am not sure if the court

12  is open on the eleventh.  It might be a holiday.  If it is

13  not, I would ask that day.

14       I think that's fair and reasonable given the number

15  of additional counts that have been put into this indictment.

16  It started out with two.  It's vastly greater than that now.

17       THE COURT:  I can't hear you.

18       MR. SOROKA:  It's vastly greater than that now.

19       THE COURT:  Of course, we have these defendants in

20  jail.  I appreciate the professional desire of the defense

21  counsel to be fully prepared.  I know how hard everybody works

22  and that they are entitled so some respite.  But we do have

23  these people in jail for some time now.

24       How long have they been in?

25       MR. SILVER:  Since January 27th, Your Honor.

1    THE COURT:  It is a long time.

2    MR. COHEN:  Your Honor, respectfully?

3    THE COURT:  Of course, I have put the blame for this

4  problem entirely on the government, which has repeatedly

5  placed the Court and the parties in this position by new

6  indictments at the last moment while we have people in prison

7  or in jail.

8    What's the explanation for this delay in the

9  indictment?

10    MR. SILVER:  Your Honor, we only superseded once.

11  It was more than 30 days before the trial date.  I apologize

12  for not realizing that the arraignment would push it back one

13  week.

14    The superseder adds a number of counts although it

15  doesn't change the outlook very much.

16    THE COURT:  What do the new counts do?

17    MR. SILVER:  They are all substantive narcotics

18  distribution counts and there is one -- sorry -- two felon in

19  possession counts relating to possession of firearms during

20  the conspiracy.

21    But the new discovery on those new counts was very

22  minimal.  Essentially all the discovery had been produced at

23  the outset of the case back in early March.  So the new

24  indictment, I can't imagine it was much of a surprise to

25  defense counsel since it merely provided substantive offenses

1  to go along with the already charged conspiracy.

2         MR. COHEN:  Your Honor, if I may?

3         On behalf of Damien Bannister, my client is

4  presently serving, I think he's close to the end, of a state

5  sentence.  So he's actually not prejudiced by this delay,

6  although I certainly understand what Your Honor has said.

7         By the same token, in the interests of perhaps

8  obtaining a better plea offer than the one that is extant at

9  the moment, I don't believe he would have a problem with an

10  adjournment in the hope that it would lead to a disposition of

11  the case more favorable to him than that which he has been

12  offered.

13         MS. SHALLEY:  Your Honor, on behalf of Mr. Torres,

14  he is also serving a state sentence.  So we don't have any

15  objection to an adjournment either until October.

16         MR. WALLENSTEIN:  Judge, on behalf of Mr. McCray, I

17  have no objection to the adjournment either.  I fully expect

18  that with respect to Mr. McCray that this matter will be

19  resolved short of trial so it may be a moot point for him.

20  But I don't have any problem with adjourning the case until

21  October.

22         THE COURT:  What is the joint proposal of defense

23  counsel with respect to the date you want for the trial?

24         MR. SOROKA:  October 11th, Your Honor.

25         MR. COHEN:  It is not a court holiday?  Columbus

1  Day?

2          MR. SOROKA:  The twelfth then.

3          MR. WALTERS:  May I confer just briefly with my

4  client?

5          THE COURT:  The twelfth, is that a return jury date?

6          THE CLERK:  Yes, Your Honor.

7          MR. COHEN:  Judge, may I do the same?

8          THE COURT:  Why can't we make it September 27th?

9          MR. SOROKA:  Judge, I am going to be out of the

10  country that day.

11          THE COURT:  What's the next Monday?  When are you

12  coming back?

13          MR. SOROKA:  October 2nd.

14          THE COURT:  October 2nd.

15          MR. SOROKA:  October 2nd, that Saturday.

16          MR. COHEN:  Your Honor, I am going to be out of the

17  country until I think October 5th or 6th.

18          THE COURT:  How long will it take to try?

19          MR. SILVER:  I think about ten days, Your Honor.

20          MR. SOROKA:  That's probably an overstatement,

21  Judge, given the -- how you try cases.

22          THE COURT:  I have complained repeatedly about these

23  superseders.  They just knock our calendar out of whack

24  completely.  I have other matters before me.

25          How will the government be prejudiced by proceeding

1  on the date scheduled on the original indictment?

2  　　　　MR. SILVER:  Your Honor, there is -- that would

3  preclude us from holding the defendants accountable for these

4  substantive acts they took in furtherance of conspiracy.  They

5  originally were charged in just conspiracy counts.  It was a

6  simple indictment.

7  　　　　As I said, the discovery and the evidence is largely

8  identical.

9  　　　　THE COURT:  What's the point?  You are not going to

10  get any higher sentence.

11  　　　　MR. SILVER:  No, Your Honor.  I expect --

12  　　　　THE COURT:  What's the point?  The evidence will all

13  come in.  What is the prejudice?

14  　　　　MR. SILVER:  I expect that the defendants who do

15  mount a defense at trial will largely focus their defense on

16  the arguments they were not part of the conspiracy charged in

17  the indictment and concede --

18  　　　　THE COURT:  That won't cut any ice.  If there is a

19  continuing conspiracy and you have evidence of it, all this

20  other evidence will come in.

21  　　　　MR. SILVER:  That's correct, Your Honor.  But if a

22  juror were convinced that the conspiracy were not proven, we

23  would seek to hold the defendants accountable for these

24  substantive narcotics and gun offenses they committed in

25  conjunction with the conspiracy.

1    THE COURT:  They are going to be sentenced for those

2  things anyway.

3    MR. SILVER:  That's right, Your Honor.  But I

4  wouldn't want to be in a position where a defendant was

5  acquitted merely because there was a problem with the

6  conspiracy evidence but they had ample evidence of drug

7  offenses and firearms offenses.

8    THE COURT:  They can be tried separately for that

9  if they are acquitted.

10    MR. WALTERS:  Your Honor, would the Court be willing

11  to entertain bail motions?

12    THE COURT:  No, not yet.  Because I haven't decided

13  on the trial.

14    MR. SILVER:  Your Honor, I would just ask that -- I

15  would note, as I indicated at the beginning, the government is

16  prepared to proceed.  The defendants are entitled to a

17  one-week adjournment.  I think that we should just proceed on

18  August 10th if Your Honor would not like to delay the trial.

19    THE COURT:  Somebody can't do that.  Who can't do

20  that on August 10th?

21    When are you leaving?

22    MR. WALTERS:  On the 16th.

23    THE COURT:  If it begins the second --

24    MR. SILVER:  The government could proceed on the

25  second as well, Your Honor.

1    THE COURT:  I am inclined to go forward with an

2 August trial.

3    MR. SOROKA:  Judge, can I just point out a few

4 things about being ready?

5    THE COURT:  On the original indictment.

6    MR. SOROKA:  On July 13th, the government for the

7 first time provided defense counsel with not final transcripts

8 but draft transcripts of whatever conversations.  I am

9 suggesting that discovery isn't quite complete yet.  We have

10 asked for information that has not yet been supplied.  The

11 information --

12    THE COURT:  Get me the section again.

13    The provision reads and I have just cited it:

14    "The trial shall not commence less than 30 days from

15 the date on which the defendant first appears through

16 counsel."

17    When does the trial begin?  The trial does not begin

18 with the selection of the jury.  The trial for double jeopardy

19 purposes begins when the jury is sworn.

20    Does anybody disagree with that view?

21    MR. WALTERS:  Your Honor, that may be certainly

22 technically precise.  But when a jury comes for selection, for

23 all intents and purposes, for notices of engagement, we are

24 engaged.  The trial is commenced.  That's what we tell the

25 world.

1      THE COURT: You may tell it to the world but now you

2 are telling me.

3      MR. WALTERS: This -- certainly, that's true, Your

4 Honor. I suspect that jury selection under the federal regime

5 is a rather quick affair. If that being the case, half a day.

6 Certainly for all intents and purposes, the trial starts that

7 day. Unless, of course, you allow counsel to voir dire, which

8 may take a day or two.

9      MR. COHEN: Or three.

10      THE COURT: Sometimes it takes a week when we use a

11 questionnaire. I don't think anybody wants a questionnaire in

12 this case, do you?

13      MR. WALTERS: I do.

14      THE COURT: You want a questionnaire?

15      MR. WALTERS: Absolutely.

16      THE COURT: A written questionnaire? That's what

17 you will get.

18      MR. WALTERS: Your Honor, the government with

19 respect to my client has added a wholly new matter under their

20 gun charges, that my client is illegally engaging in --

21      THE COURT: They have given you adequate notice of

22 the evidence they intend to produce. If you want to make a

23 motion to preclude, you can.

24      MR. WALTERS: Certainly that would be in order.

25      THE COURT: Do you want a written questionnaire on

1  the jury selection?

2          MR. WALTERS:  Yes, Your Honor.

3          THE COURT:  Okay.  Give me a date one week before

4  August 2nd.

5          THE CLERK:  July 26th.

6          THE COURT:  July 26th, the parties will come forward

7  and meet with the judge with a proposed questionnaire.

8          You can get from Ms. Lowe the questionnaire we used

9  in the last case, which although it was a civil case I think

10 will be useful.

11         THE CLERK:  The civil one?

12         THE COURT:  We have the criminal as well?

13         THE CLERK:  Yes.

14         THE COURT:  Give them both.

15         THE CLERK:  Okay.

16         THE COURT:  The parties will agree on the

17 questionnaire.  If there is any disagreement, you will see me.

18         Give me the date.

19         THE CLERK:  26th of July.

20         THE COURT:  July 26th.

21         Jury selection will begin on August 2nd.

22         Thirty days is what?  The eleventh?  The twelfth?

23         MR. SILVER:  I believe it was August 10th, Your

24 Honor.  August 10th.

25         THE COURT:  August 10th.  What day of the week is

1  that?

2          THE CLERK:  Tuesday.

3          THE COURT:  All right.  We will select the jury that

4  week.  We will agree on the -- when is the jury coming in?

5          THE CLERK:  I have a jury coming in on the second.

6          THE COURT:  On the second?

7          THE CLERK:  That is correct.

8          THE COURT:  We will have a questionnaire.  We will

9  distribute it to the jury on the second.

10         We will need a panel of about 60 I think for this.

11         THE CLERK:  Okay.

12         THE COURT:  The jury will finish it on the second.

13         Is that a Monday?

14         THE CLERK:  It is.

15         THE COURT:  Copies will be made and distributed by

16  the government to each party and itself and to the Court.  The

17  parties will consult with each other and agree on who should

18  be excluded for cause and indicate who they have problems

19  with.

20         You will appear before the Court on Thursday, at

21  10:00 o'clock.

22         What day of the week is that?

23         THE CLERK:  August 5th.

24         THE COURT:  August 5th.

25         I will decide who should be excluded on the basis of

1   the questionnaire.  The prospective jurors will call in that

2   same night and they will appear on Friday.

3           THE CLERK:  Correct.

4           THE COURT:  Which is?

5           THE CLERK:  The sixth.

6           THE COURT:  The sixth.  And we will select on the

7   sixth.

8           No extra challenges will be allowed for the

9   defendants or the government since the issues are essentially

10   the same and their posture in the case is the same.

11           MR. COHEN:  Judge, may I be heard further on the --

12           THE COURT:  Excuse me.

13           MR. COHEN:  I'm sorry.

14           THE COURT:  The jurors will come in on that Friday

15   when an individual voir dire will be conducted one by one in

16   the jury room of prospective jurors and a jury of twelve plus

17   six alternates will be selected.

18           Trial will commence on the Monday, which is?

19           THE CLERK:  August 9th.

20           MR. SILVER:  I think, Tuesday, the tenth.

21           THE COURT:  Tuesday, the trial will begin on

22   Tuesday, August 10th, at 10:00 am.

23           THE CLERK:  Voir dire continues on the 9th?

24           THE COURT:  Individual, yes.  If necessary, it can

25   go over until the tenth as well.

1          THE CLERK:  Yes.

2          THE COURT:  The jury will be sworn in on that

3   Tuesday.

4          MR. COHEN:  Judge, I have an issue in that I

5   appeared yesterday in Supreme Court in New York County and was

6   given a Do Not Get Engaged letter for August 3rd.

7          THE COURT:  You have been set for trial on

8   August 2nd for sometime.  So if you want an order from this

9   Court, you can have it.  But you should have told the judge --

10          MR. COHEN:  I was about to reach that issue, Judge.

11          I did not raise that issue because I was aware that

12   a number of counsel today would be seeking ajournments and in

13   light of the superceding indictment, as well as the

14   possibility that some additional time would lead to possible

15   dispositions in this case, I frankly thought that the

16   adjournment should be granted.  That was perhaps very

17   presumptuous of me.

18          THE COURT:  No, it wasn't presumptuous.  It was a

19   sensible thought.  But you should have been candid with the

20   state court -- I say that respectfully -- since you had a

21   pending date with me.

22          MR. COHEN:  I understand.  It wasn't out of a lack

23   of candor.

24          THE COURT:  I understand.  I withdraw that word.

25          But it would have been more desirable had you --

1    MR. COHEN:  I agree with you.  I don't disagree with

2  you.

3        I am now in the position of risking sanctions in the

4  state court or --

5        THE COURT:  If you are sanctioned in the state court

6  because of an action of this Court, you can apply to this

7  Court for an injunction if the sanction interferes with the

8  proper operation of the federal criminal statutes.  But I

9  suggest you very promptly bring to the Court's attention in

10  the state the position that you are in.

11        MR. COHEN:  I am doing that forthwith.

12        I wonder -- well, let me leave that in abeyance.

13        THE COURT:  I am not threatening any sanction.  I am

14  just telling you what may be available as a motion.

15        MR. COHEN:  I understand, Your Honor.

16        Thank you.

17        MR. SILVER:  With respect --

18        THE COURT:  Are there any questions about the

19  schedule?

20        MR. SILVER:  Yes, Your Honor.

21        With respect to the questionnaires, would Your Honor

22  like us to appear on the 26th to finalize the questionnaire?

23        THE COURT:  Yes.

24        MR. SILVER:  Address any objections?

25        THE COURT:  That's what you have down?

1          THE CLERK:  Yes, Your Honor.

2          THE COURT:  The government will within two days

3    provide the defense counsel with all materials they have not

4    yet been provided.  I mean forthwith.

5          MR. COHEN:  I have one final plea, Your Honor.  I

6    just looked at my BlackBerry and see that I am actually

7    scheduled to spend next week, the week of the 26th, on

8    Cape Cod with my family.  We have rented a place there.

9    That's the only week that I will be able to get during the

10   summer.

11         THE COURT:  If you want somebody else to handle the

12   voir dire while you are away?

13         MR. COHEN:  I think I --

14         THE COURT:  You can engage them.  I don't know

15   whether somebody from your firm couldn't handle it.

16         MR. COHEN:  Judge, my firm is in this chair.

17         THE COURT:  I know.  But you have colleagues.

18         The issues are very clear here on the jury

19   selection.

20         MR. WALTERS:  If I might, Your Honor?  The 26th is

21   only to review the jury questionnaire?

22         THE COURT:  Yes.  You could be on the telephone.

23         MR. COHEN:  If I could be present by telephone?

24         THE COURT:  Of course.

25         MR. COHEN:  I actually thought there were other days

1 that you needed us in.

2      THE COURT: No. I think you will be able to handle

3 it.

4      MR. COHEN: Thank you.

5      MR. WALTERS: I will likewise call in. I will be at

6 a defendant's seminar in Saratoga.

7      THE COURT: All right. Take a copy of the proposed

8 questionnaire so you can follow or get available a fax machine

9 so we can fax you whatever written stuff there is. Okay?

10      MR. WALTER: That's fine.

11      THE COURT: Given modern technology this is no

12 problem.

13      MR. WALTERS: The government is to have a witness

14 list and all outstanding 3500 material within the next day or

15 two?

16      THE COURT: No. A witness list can be presented

17 later but within two days they are going to give you all the

18 discovery material you haven't gotten.

19      MR. COHEN: Your Honor, also, to our knowledge, we

20 haven't received any 404(b) notice.

21      THE COURT: You have it in the -- give them the

22 404(b).

23      MR. SILVER: Yes, Your Honor.

24      THE COURT: It's really in the superseding

25 indictment.

1          MR. COHEN:  I think, from what I understand just

2  from a brief conversation with Mr. Silver, there is 404(b)

3  material with respect to my client that's not in the

4  superseding indictment.  So I would --

5          THE COURT:  They'll give it to you.  They'll give it

6  to you.

7          MR. COHEN:  I know they will give it to me.  The

8  issue is when can we get it.

9          THE COURT:  You are going to get it within a few

10  days.

11          MR. SILVER:  We will provide that by the end of the

12  week, Your Honor.

13          THE COURT:  That's good.

14          MR. SOROKA:  Judge, would that also hold true for

15  Jencks Act material, 3500 material?

16          THE COURT:  Yes, everything.  They will give you

17  everything.

18          MR. SILVER:  Your Honor, I am happy to begin the

19  production of 3500 material as quickly as we can.  But that --

20  it's fairly extensive.  We haven't compiled everything yet.

21  It can be a rolling production.

22          THE COURT:  Give it to them immediately as you get

23  it.

24          Is there anything further?

25          Do we have everything we need?

1          THE CLERK:  Yes, Your Honor.

2          THE COURT:  I am glad to hear you.

3          MR. WALTERS:  I just want to be sure that includes

4    all Giglio material with respect to their witnesses.

5          THE COURT:  Yes.  They are going to give you

6    everything.

7          MR. WALTERS:  So that I could take it with me this

8    weekend.  By Friday, when I am getting ready to leave, I will

9    have it and the People -- I mean --

10          THE COURT:  They will do everything possible to make

11    this a happy summer for you.

12          MR. WALTERS:  I appreciate that Your Honor.

13          THE COURT:  I know you do.

14          Do any of the defendants have any complaints about

15    the way they are being treated in jail?  Raise your hand.

16          None of them have any complaints.

17          Is there anything further anybody wishes to say at

18    this point?

19          MR. SILVER:  No, Your Honor.

20          THE COURT:  All right.  It has been very pleasant

21    seeing you this morning.  I look forward to that pleasure

22    again.

23          MR. COHEN:  It has been a real treat to be here as

24    well, Your Honor.  Someone had to say it.  I thought it should

25    be me.

1      THE COURT:  There is no reason why the parties

2   should not now proceed with a more expedited discussion now

3   that you all are here.

4      Thank you very much, everyone.

5      Order expedited copy, please.

6      MR. SILVER:  Of the transcript?

7      THE COURT:  Yes.

8      MR. SILVER:  Yes.

9      THE COURT:  And anybody who is appointed under CJA,

10  anybody?

11     MR. COHEN:  Yes, Your Honor.

12     THE COURT:  They are each to get their own copy.

13     THE REPORTER:  Yes, Your Honor.

14     THE COURT:  Thank you very much.

15     (Matter concludes.)

16

17

18

19

20

21

22

23

24

25